Campbell, J.:
Nye was charged with the murder of Robert Molyneaux, and was convicted of murder in the first degree. Many questions arose on the trial, but the objections urged in this court are confined to such as bear on the quality of the offense as murder or manslaughter.
The homicide occurred in a sudden affray. Nye and his *17 co-defendant, Betts, were playing cards with an elderly naan named Chambers when Molyneaux interfered in a somewhat offensive way on a claim, according to some of testimony, that they were imposing on, or likely to ill-treat the old man. There was nothing to indicate that they were doing so, and we have found nothing to indicate very clearly that Molyneaux had any reason to think so. Ilis interference provoked Nye and Betts, and after some harsh language, Molyneaux and Betts proceeded to take off their coats for a scuffle. Betts struck at Molyneaux, who was a powerful 'man, and who knocked him a considerable distance. He also knocked Nye down in the same way, Nye having, according to most of the witnesses, struck at him first. Nye then stabbed him with a knife which he had in his *pocket, and which was apparently one calculated to be used as a weapon.
The court, among other things, told the jury that if Nye and Betts, or if Betts alone, began the attack, the offense would be murder.
The court also, in defining malice, defined it as including “ anger, hatred, revenge, and every other unlawful and unjustifiable motive.’’ And the jury were also instructed that while murder in the first degree in ordinary cases required a willful, deliberate, premeditated design to take life, that design might be formed an instant before the act.
The record indicates that the trial took place under much excitement, and we do not think it desirable to enlarge upon the many points which are presented. Upon the facts it was legally competent for the jury to have found a verdict of manslaughter or of murder in the second degree, according to their view of the provocation and its effects, and according to the view they took of some inconsistent testimony.
It was error to'hold that Nye must be held-guilty of murder if Betts began the assault. Without discussing under what circumstances the first assailant may be guilty of no higher crime than manslaughter, it cannot certainly be claimed that a man who makes no assault until he is struck first himself must necessarily be responsible for the misdoings of his companions. It was not within the province of the court to decide as a mat *18 ter of fact that Nye was a party to any assault made by Betts if he made none himself.
The definition of malice given in this ease would remove manslaughter from the catalogue of homicides. Every crime must be attended with an unlawful and unjustifiable motive. Malice includes those which are more wicked, but it does not include them all. There are many unlawful and unjustifiable motives which have never been classed as malicious. Manslaughter may in some cases be intentional. In such a case it differs from murder because it is *provoked. It is not justifiable to take life under provocation, and yet the provocation may be serious enough to deprive the intentional killing of its malicious character, so that it is neither murder on the one hand nor justifiable or excusable on the •other. It is a very serious crime, though not reckoned as done with malice.
The instruction concerning the degrees of murder was also •erroneous. There is much learning and some subtlety in the •older books upon the question whether a sudden homicide could be properly classed as murder, because that requires malice aforethought. The courts decided that the real test of malice in such cases was to be found in the presence or absence of adequate cause or provocation to account for the violence, and that an unprovoked homicide, however suddenly conceived, might be malicious. In other words, malice aforethought did not mean deliberate and calculating malice, but only malice existing at any time before the act so as to be its moving cause or concomitant.
In dividing murder into degrees, its common-law qualities are not changed, but (except in special cases) the division is chiefly between cases where the malice aforethought is deliberate and where it is not. It was rightly considered that what is done against life deliberately indicates a much more depraved character and purpose than what is done hastily or without contrivance. But it is a perversion of terms to apply the term deliberate to any act which is done on a sudden impulse.
In the record before us there is no testimony whatever upon *19 which a verdict of murder in the first degree could properly have been rendered, and the charge given must have misled the jury. That alternative should not have been left open to them.
The judgment must be reversed, and a new trial granted, and the plaintiff in error must be delivered by the keeper of the state prison into the custody of the sheriff of Calhoun county to be dealt with according to law.
The other justicés concurred.