PEOPLE v. McDONALD.

1. CRIMINAL LAW — INTOXICATING LIQUORS — SECOND OFFENSE— HOLDING OF SUPREME COURT LAW OF CASE ON RETRIAL.

The holding of the Supreme Court, on reviewing a conviction of a violation of the prohibition law, that the averment as to second offense should have been stricken from the information, becomes the law of the case on retrial, and defendant may not contend that, by amending the information in compliance with such holding, the trial court had no jurisdiction.

2. INTOXICATING LIQUORS — ARREST WITHOUT WARRANT — REASONABLE GROUND TO BELIEVE FELONY BEING COMMITTED.

Where prohibition agents in a certain city were advised by another agent in another city that defendant would arrive on a certain train carrying a suit case containing liquor, and on his arrival he denied ownership of the suit case, although it was his, and it was ascertained without opening that it contained glass, it cannot be said that the trial court was wrong in denying the motion to suppress, and holding that there was reasonable ground to believe that defendant was committing a felony, under the circumstances, justifying his arrest and seizure of the suit case without warrants.

[1]Criminal Law, 17 C. J. § 3553; [2]Arrest, 5 C. J. § 30; Intoxicating Liquors, 33 C. J. § 368 (Anno); Searches and Seizures, 35 Cyc. p. 1266 (Anno); 51 L. R. A. 203; 2 R. C. L. 447; 1 R. C. L. Supp. 541; 4 R. C. L. Supp. 111; 5 R. C. L. Supp. 97; 6 R. C. L. Supp. 94.

Exceptions before judgment from superior court of Grand Rapids; Brown (William B.), J., presiding. Submitted April 15, 1927.     (Docket No. 143.)     Decided June 6, 1927.

Elmer A. McDonald was convicted of violating the liquor law.    Affirmed.

*Dunham & Cholette,* for appellant.

*William W. Potter,* Attorney General, *Earl W. Munshaw,* Prosecuting Attorney, and *P. A. Hartesvelt,* Assistant Prosecuting Attorney, for the people.

SNOW, J.     Because of a failure of proof in support of that part of the charge relating to a second offense (Comp. Laws Supp. 1922, § 7079 [51]) the judgment upon conviction of violating the prohibitory law was reversed and new trial ordered.     233 Mich. 98.     At the outset of this trial the prosecutor stated:

"This case is proceeding on the first count of the information only.     The second count charges second offense."

And it was ordered accordingly.

Defendant's counsel insist that there was but one count in the information, and that:

"After the count which charged this respondent with a violation of the liquor act as a second offense was waived, as stated by both the prosecuting attorney and the court, there was no further count in said information, and no charge of any kind upon which said respondent could have been tried, and the entire proceedings following amounted to nothing more than a mistrial.     The court had no jurisdiction in said matter, because there was nothing before the court."

Be that as it may, it was held in the opinion above cited:

"As there was no proof of a former conviction submitted on the examination had, the averment thereof

should have been stricken from the information and the objection of the defendant to the introduction of proof thereunder sustained."

This holding is the law of the case. Defendant's contention is answered, therefore, by saying that the action of the court, as requested by the prosecutor, was in effect a striking out of such averment, and but a compliance with the law announced in the former opinion.

Defendant's main contention is that the evidence against him was procured by unlawful search and seizure, made without a warrant therefor, and that the same ought to have been suppressed. One of the reasons given by the judge who denied the motion was that the officers had reasonable grounds to believe that defendant was committing a felony by having the liquor in his possession, and that therefore they could proceed without warrant. Federal prohibition agents in Grand Rapids were advised by another agent at Detroit that defendant would arrive in Grand Rapids on a certain train, and that he was carrying a suit case containing liquor. We mention this to account for the fact that the agents at Grand Rapids met defendant upon arrival at the station in that city, nothing more, and this to avoid consideration of an unnecessary question relating to the method of obtaining knowledge acquired by the agent at Detroit. When defendant stepped from the train in Grand Rapids an agent requested that he "wait a minute." He was asked what baggage he had. He replied that he had a small hand bag then resting on a baggage truck. An agent went to the car platform and in the presence of the defendant asked the porter who owned the suit case there placed. He replied that it was defendant's There is evidence that defendant disclaimed ownership. An agent lifted the case. There is evidence that by handling and without opening it one might learn that

it contained glass.    Defendant was taken into custody. It was defendant's suit case.    It contained 24 bottles of whisky.    On the showing, we decline to say that the trial court was wrong in denying the motion to suppress and in holding that the facts and circumstances gave to the officers reasonable grounds to believe that defendant was committing a felony, and that therefore they might search and arrest without warrant.    We find no reversible error.

Affirmed, and judgment advised.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.    CLARK, J., did not sit.