PEOPLE v DiGIORGIO

1. HOMICIDE—FIRST-DEGREE MURDER—EVIDENCE—PREMEDITATION.

A trial court erred in denying a defendant's motion for a directed verdict of acquittal on a charge of first-degree murder where no evidence was adduced at trial from which the jury could find or infer the requisite element of premeditation.

2. HOMICIDE—FIRST-DEGREE MURDER—INSTRUCTIONS TO JURY—PREMEDITATION—MALICE AFORETHOUGHT.

Jury instructions in a first-degree murder trial, in which premeditation was equated with malice aforethought, were prejudicially erroneous.

Appeal from Gogebic, Donald Munro, J. Submitted Division 3 December 6, 1973, at Grand Rapids. (Docket No. 14993.) Decided February 25, 1974.

Bernice DiGiorgio was convicted of first-degree murder. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Anders Tingstad,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Donald Ubell,* Director, and *James D. Hunter,* Special Assistant Attorney General, of counsel), for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 40 Am Jur 2d, Homicide §§ 44–52.

Per Curiam. A jury found defendant guilty of first-degree murder, MCLA 750.316; MSA 28.548, and she received the mandatory sentence of life imprisonment. Defendant's motion for a new trial was denied on June 16, 1972, and she appeals as of right.

On appeal, defendant argues and the people concede that there was no evidence adduced at trial from which the jury could find or infer the requisite element of premeditation. Our review of the transcript substantiates this view, and hence, the trial court erred in denying defendant's motion for a directed verdict of acquittal on the charge of first-degree murder.

In addition, we find that the trial court's instructions, in which premeditation was equated with malice aforethought, were prejudicially erroneous. In light of this fact, the Court does not deem this an appropriate case for a simple modification of judgment as suggested by plaintiff. *Cf. People v Morrin,* 31 Mich App 301; 187 NW2d 434 (1971), *lv den,* 385 Mich 775 (1971).

Reversed and remanded for a new trial on a charge of second-degree murder or some lesser included offense.