PEOPLE v SKOWRONSKI

1. HOMICIDE—MURDER—FELONY MURDER—EVIDENCE—PROOFS—COR-
PUS DELICTI—CONFESSIONS.

Proof of both a murder and a felony is required in order to
establish the corpus delicti of the crime of felony murder and
such proof must be independent of a confession by the defend-
ant.

2. CRIMINAL LAW—EVIDENCE—CORPUS DELICTI—SURMISE—GUESS—IN-
FERENCES.

The corpus delicti of a crime cannot be established by a surmise
supplemented by a guess; an inference cannot be based upon an
inference.

3. ROBBERY—ATTEMPTED ROBBERY—EVIDENCE—CORPUS DELICTI—
ALARMS—BURGLAR ALARMS.

The corpus delicti of attempted robbery was not established
independent of a defendant's confession in a felony murder case
where a double inference is necessary to assume from the fact
that a burglar alarm was ringing that the decedent was being
robbed; it must be assumed that the storeowner rang the
alarm, that he rang it purposely, and that he was indicating by
this act that he was being robbed.

4. CRIMINAL LAW—APPEAL AND ERROR—REMAND FOR RESENTENCING
—CURING ERRORS—TEST FOR REVERSAL—FAIR TRIAL.

A remand for resentencing on a lesser offense cannot be made

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide §§ 284, 285, 432–434.

[2] 30 Am Jur 2d, Evidence §§ 1140–1142, 1173.

[3] 40 Am Jur 2d, Homicide §§ 72, 575.

[4, 5, 8] 21 Am Jur 2d, Criminal Law §§ 185, 494.

[6] 67 Am Jur 2d, Robbery § 80.

[7] 29 Am Jur 2d, Evidence §§ 523–596.

[9] 21 Am Jur 2d, Criminal Law §§ 68, 69.

Investigation of present sanity to determine whether accused
should be put, or continue, on trial. 142 ALR 961.

[10] 58 Am Jur 2d, Witnesses § 353.

[11, 12] 29 Am Jur 2d, Evidence § 524 *et seq.*

when there exist errors which may have occurred at trial in addition to that of insufficient proof to convict of the greater offense.

5. Criminal Law—Appeal and Error—Reversal—Remand—Fair Trial—Irregularities.

The test to determine whether reversal rather than remand is required in a criminal case is whether the defendant had a fair trial and not whether there were some irregularities in the trial.

6. Robbery—Attempted Robbery—Elements of Offense—Instructions to Jury.

A court must instruct the jury as to all the essential elements of the crime of attempted robbery since attempted robbery is not easily understandable to the layman.

7. Criminal Law—Instructions to Jury—Confessions—Voluntariness—Credibility—Truthfulness.

A court's instruction to the jury that it has found a defendant's confession to have been voluntarily given and that its ruling is binding on the jury effectively precludes the jury from questioning the credibility or truthfulness of the confession and is error, and the instruction is not cured by a later charge that the jury is the sole arbiter of the credibility and weight to be assigned to the confession statements.

8. Homicide—Murder—Felony Murder—Lesser Offenses—Second-Degree Murder—Corpus Delicti—Confessions—Acquittal—Instructions to Jury.

Exclusion from the jury's consideration in a felony murder case of the lesser offense of second-degree murder was improper where the corpus delicti of a felony was not proven independent of a confession by the defendant; a court under such circumstances should direct a verdict of acquittal as to felony murder and instruct the jury on the offense of second-degree murder; instructions to the jury must be drawn to fit the proofs.

9. Criminal Law—Evidence—Expert Testimony—Constitutional Law—Due Process—Hearings—Competency to Stand Trial.

Due process requires that the foundation to be laid for receiving expert testimony at a hearing involving a substantively justiciable right be no less than the foundation required to be laid to receive expert testimony in a trial on the issue of guilt, and therefore it was error for a court to allow a social worker not qualified to administer or evaluate psychological tests adminis-

tered to a defendant to testify as an expert as to defendant's competency at a hearing to evaluate the defendant's competency to stand trial.

10. WITNESSES—CRIMINAL LAW—EYE WITNESSES—WITNESSES PRESENT AT TRANSACTION—PROSECUTORS—CALLING WITNESSES—RES GESTAE WITNESSES.

A prosecutor must call all eye witnesses to a criminal act and witnesses present at the transaction who can give direct evidence or any material evidence, except that the prosecutor need not call such witnesses where their testimony would be merely cumulative; it is improper for a prosecutor in a criminal case to present one of two witnesses without adequately explaining the nonproduction of the second.

11. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY OF EVIDENCE—CONFESSIONS—VOLUNTARINESS—COURT OF APPEALS—EXAMINING ENTIRE RECORD—INDEPENDENT DETERMINATION.

The Court of Appeals is required to examine the entire record and make an independent determination on the issue of voluntariness when considering a criminal defendant's claim that the totality of the circumstances surrounding his confession made the confession inadmissible in evidence at trial.

12. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY OF EVIDENCE—CONFESSIONS—RIGHT TO REMAIN SILENT—WAIVER—ARREST—ARRAIGNMENT—DELAY—EXCLUSIONARY RULE.

A criminal defendant's confession given during a 28-hour delay between arrest and arraignment was properly ruled admissible where the defendant chose to exercise his right to remain silent on the evening of his arrest but on the following morning voluntarily waived his right to remain silent and asked to talk with a detective to make a statement; the exclusionary rule is imposed only when the delay between arrest and arraignment has been employed as a tool to extract a statement from an accused.

Appeal from Oakland, William J. Beer, J. Submitted Division 2 March 4, 1975, at Lansing. (Docket No. 17982.) Decided May 27, 1975.

Joseph Skowronski was convicted of felony murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Sandra M. Kabboush,* Assistant Prosecuting Attorney, for the people.

*John B. Phelps,* Assistant State Appellate Defender, for defendant.

Before: Quinn, P. J., and Bashara and N. J. Kaufman, JJ.

N. J. Kaufman, J. A jury convicted the defendant of felony murder. MCLA 750.316; MSA 28.548. He was sentenced to life in prison and now appeals as of right.

On May 29, 1972, Salim Kirma, proprietor of Noble's Market in Hazel Park, was found fatally wounded on the floor of his market. He was found by Hazel Park Police who were responding to a report that the burglar alarm had been activated at the store. The only physical evidence secured at the scene was the shell casing of a .22-caliber automatic weapon, as well as a box of instant mashed potatoes from which two fingerprints of the defendant were later lifted. There was no evidence that anything had been removed from the store or any money taken from the deceased or the cash register.

The defendant was not arrested until the afternoon of August 2, 1972, after the police had located the murder weapon and matched the prints found on the mashed potato box. He was given his *Miranda*[1] warnings, chose not to make a statement, and was placed in a cell for the night. On the morning of August 3, 1972 defendant made a confession admitting he had entered the store to

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR 3d 974 (1966).

rob the proprietor and that when he (Mr. Kirma) grabbed for the gun, defendant shot three times.

Defendant makes numerous claims of error, which we consider *seriatim.*

Defendant first argues that the corpus delicti of felony murder was not proved independent of defendant's confession and it was, therefore, error to allow admission of the confession to prove the felony. We agree. In *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), adopting and following 39 Mich App 483, 494–506; 197 NW2d 874, 880–886 (1972) (LEVIN, P. J., dissenting), Justice LEVIN defined the corpus delicti rule in a felony murder case to require proof, independent of the confession, of the murder *and* the felony. Justice LEVIN states, at 39 Mich App 483, 503:

"Just as the people must establish with evidence the essential element distinguishing second-degree murder from first-degree murder in order to convict an accused person of the aggravated offense, so too, in order to prove the *corpus delicti,* that distinguishing element must be established by evidence independent of the accused person's confession."

The only proof of the attempted robbery in this case, independent of defendant's confession, was the activated burglar alarm. Since no one witnessed the event, there is no clear proof who activated the bell or why it was activated. The quantum of proof necessary to establish the corpus delicti of the crime is defined in *People v Kirby,* 223 Mich 440, 451; 194 NW 142 (1923):

"The *corpus delicti* cannot be established by a surmise supplemented by a guess. An inference cannot be based upon an inference."

See also, *People v Burlingame,* 257 Mich 252, 260; 241 NW 253 (1932), *People v Zwierkowski,* 368 Mich 56; 117 NW2d 179 (1962). At least a double inference is necessary to assume from the fact that the alarm was ringing that the deceased was being robbed. We must assume the deceased rang the bell, that he rang it purposely, and that he was indicating by this act that he was being robbed. The alarm was, therefore, insufficient evidence of the corpus delicti to give rise to the prosecutor's admission of the confession to prove the attempted robbery.

It remains to be determined whether a remand for sentencing on second-degree murder is an appropriate disposition of this matter. In employing this remedy in *Allen, supra,* Justice LEVIN cited *People v Morrin,* 31 Mich App 301; 187 NW2d 434 (1971). In *Morrin, supra,* this Court remanded a first-degree murder conviction for resentencing on second-degree murder after the Court determined the evidence was insufficient to sustain the jury verdict of first-degree murder. Justice LEVIN, speaking for the Court, distinguished the case of *Nye v People,* 35 Mich 16 (1876), which was remanded for new trial because there was error in addition to the insufficiency in the evidence.[2] It is an elementary conclusion that a remand for resentencing on a lesser offense cannot cure all other trial errors, and this Court has implicitly recognized that the *Allen* remedy is inappropriate when there are such other errors. *People v Olsson,* 56 Mich App 500; 224 NW2d 691 (1974), *People v Gilbert,* 55 Mich App 168; 222 NW2d 305 (1974), *People v DiGiorgio,* 52 Mich App 175; 217 NW2d 77 (1974).

There was error in this case in addition to the

---

[2] *People v Morrin, supra,* fn 64, p 337.

failure to establish the corpus delicti of the felony independent of defendant's confession. The test to determine whether a case requires reversal is not whether there are some irregularities, but whether defendant had a fair trial. *People v Smith,* 363 Mich 157; 108 NW2d 751 (1961). While no one of the errors we will discuss may in itself be reversible, the totality of the errors compels a conclusion defendant was denied a fair trial and requires that we remand for a new trial.

1. The trial court did not instruct the jury regarding the elements of the felony charged, attempted robbery. Our Supreme Court has said that "[w]here the language defining an offense can be understood by a person of ordinary intelligence, it is not necessary for the court to define or explain it". *People v Cabassa,* 249 Mich 543, 549; 229 NW 442,445 (1930). While it may be argued that attempted robbery is easily understandable to the layman, this Court's attempt to define the elements of "attempt" and "robbery" (as distinguished from "preparation" and "larceny", for example) belie such an argument. *Cf. People v McGuire,* 39 Mich App 308; 197 NW2d 469 (1972), *People v Lamson,* 22 Mich App 365, 372; 177 NW2d 204 (1970). The trial court must instruct the jury as to all the essential elements of the crime. *People v Hooper,* 50 Mich App 186; 212 NW2d 786 (1973). Something more was required here than a bald statement of the felony charged.

2. The court's instruction to the jury contained the following statement of his determination at the *Walker* hearing:[3]

"Now, I have ruled and this is binding upon you, that his confession was given voluntarily. That is that his

---

[3] *People v Walker,* 374 Mich 331; 132 NW2d 87 (1965).

confession was not given under duress. So you will spend no time on that in your deliberations."

The prosecutor's brief acknowledges that this instruction constitutes error based on the recent decision from this Court in *People v Gilbert,* 55 Mich App 168; 222 NW2d 305 (1974). The Court in *Gilbert* concluded that a binding ruling of voluntariness effectively precludes a jury from questioning the credibility or truthfulness of the confession. Such an instruction is not cured by a later charge that the jury is the sole arbiter of the credibility and weight to be assigned to the statements.[4]

3. The trial court refused defendant's request to charge on the lesser offenses of second-degree murder and manslaughter.[5] There is a split of opinion in this Court as to when, or if, instructions on lesser included offenses are proper in a felony murder prosecution. *People v Bufkin,* 43 Mich App

---

[4] Defendant also claims his counsel was precluded from conducting cross-examination relevant to the issue of voluntariness. The record does not support this claim, because defendant made no separate record. Therefore, it is impossible to determine if defendant was prejudiced by the court's instruction and this error, standing alone, would not require automatic reversal.

[5] In *Allen, supra,* and *Morrin, supra,* the jury was instructed regarding the lesser included offenses. It is substantially easier to conclude in that situation that the jury's verdict of felony murder implies a finding of common law murder. However, a review of the cases employing this remedy does not indicate that it has been interpreted to require that the jury be given the opportunity to consider the lesser offense. *People v Bryant,* 43 Mich App 659; 204 NW2d 746 (1972), *People v Borders,* 37 Mich App 769; 195 NW2d 331 (1972), *People v Lee,* 14 Mich App 328; 165 NW2d 518 (1968).

In this case, however, the trial court not only refused to charge on the lesser offense, but also failed to define malice, instructing the jury that they need not find malice or intent, but only the felony. We question, without deciding, whether a remand for resentencing on second-degree murder would ever be proper in this situation. Indeed, it is difficult to conclude under these circumstances that the jury's verdict of guilty of felony murder of necessity included a finding of second-degree murder.

585; 204 NW2d 762 (1972), adhered to on rehearing, 48 Mich App 290; 210 NW2d 390 (1973), *lv granted,* 390 Mich 803 (1973), *People v Wimbush,* 45 Mich App 42; 205 NW2d 890 (1973). Had the confession been properly admissible to prove the felony, the exclusion of the lesser offense from the jury's determination would have been proper under the authority of either case. However, in view of our determination that the corpus delicti of the felony was not proven independent of the confession, a verdict should have been directed as to felony murder and the jury should have been instructed on the offense of second-degree murder. *Cf. People v DiGiorgio, supra.* We make no determination whether defendant was entitled to a charge on manslaughter, but leave this to the trial court's original discretion on retrial, guided by the reasoning in *Wimbush, supra,* that the instruction should be drawn to fit the proofs.

4. The trial court erred in allowing a social worker to testify as an expert to evaluate competency. The forensic center had administered several psychological tests and reported there was no evidence of organic brain damage. However, the only witness provided at the competency hearing by the forensic center was a social worker who admitted she was not qualified to administer or evaluate those tests. This social worker had conducted a two-hour interview with the defendant. Based on these qualifications, admission of expert opinion from this witness in a trial would have been error. *O'Dowd v Linehan,* 385 Mich 491, 509–510; 189 NW2d 333, 342 (1971). Rudimentary due process requires that the foundation for receiving expert testimony should be no less in a hearing involving a "substantively justiciable right", *People v Gomolak,* 386 Mich 540, 549; 194 NW2d 320, 323 (1972), than in a trial on the issue of guilt.

The trial court, having before it only the uninterpreted test results and the improperly admitted expert opinion, could not properly make a judicial determination of competency as required by the statute then in effect, MCLA 767.27a(4); MSA 28.966(11)(4); and defendant is entitled to a new hearing on that issue. See MCLA 330.2020 *et seq.;* MSA 14.800(1020) *et seq. People v McGoldrick,* 51 Mich App 578; 215 NW2d 711 (1974), *People v Lucas,* 393 Mich 522; 227 NW2d 763 (1975).

5. The absence of a possible res gestae witness was not adequately explained by the prosecution. Defendant asserts that one Charles Curtis witnessed an individual leaving the scene of the crime and saw the vehicle in which that individual fled. Mr. Curtis was not endorsed or called by the prosecution. Another witness, Wayne Cordova, had also seen a person leaving the scene of the crime. He was endorsed and called at trial. Defendant asserts Mr. Curtis would have presented testimony conflicting with Mr. Cordova's regarding the description of the vehicle, and also conflicting with defendant's confession regarding the location of the vehicle, thus casting doubt on the credibility of Mr. Cordova and of defendant's extrajudicial confession. Regardless of whether Mr. Curtis may be characterized as a res gestae witness, it is improper for the prosecutor to present only one of two conflicting witnesses to a transaction, in this case the flight of an individual from the scene, without adequately explaining the nonproduction of that witness. 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 605, p 782 states:

" * * * it is the duty of the prosecuting attorney to call all eyewitnesses or witnesses present at the transaction, who can give direct evidence on any material

branch of it, except where such testimony would be merely cumulative, or, where proof of the fact about which such witness can testify to is unnecessary."

On retrial, defendant may pursue a motion to add this witness to the information.[6]

6. Defendant claims error in the admission of a photograph of the victim, as well as of testimony that defendant's fingerprints were on file from which it could be inferred the defendant had a criminal record. These claims of error were not properly preserved, and in view of our disposition of this case it is unnecessary to determine whether the evidence was so prejudicial as to constitute manifest injustice.

The totality of these errors requires that we reverse and remand for a new trial.

To avoid repetitious appeals, we have considered defendant's claim that the totality of the circumstances rendered his confession inadmissible. We are required to examine the entire record and make an independent determination on the issue of voluntariness. *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972). Our review reveals that there was a 28-hour delay between arrest and arraignment, and that on the evening of his arrest defendant chose to exercise his right to remain silent but the following morning asked to talk with a detective to make a statement.

One of the officers gave the following reason for the delay:

---

[6] We recognize that a *nunc pro tunc* hearing, rather than automatic reversal, has been approved to determine the prejudice suffered when the prosecution fails to produce a res gestae witness, *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973). However, the vision of a defendant being remanded for two *nunc pro tunc* hearings and then resentencing (or perhaps a new trial, or perhaps no trial) further illustrates that the totality of the circumstances in this case demands reversal.

"A. There's—The best I can remember, probably two reasons: One, first of all, it was normally procedure requiring us to go to the Prosecutor's Office and obtain an order for a warrant and, secondly, about this time of day around 4:30, our judge is probably long gone for the day."

The delay was not per se unreasonable, and in any event, the exclusionary rule is only imposed when the delay has been employed as a tool to extract a statement. *People v White,* 392 Mich 404, 424; 221 NW2d 357, 366 (1974). That was not the case here. *People v Mosley,* 51 Mich App 105; 214 NW2d 564 (1974), cited by defendant, is inapposite, as the record here does not reveal the confession to have been a product of continued questioning. Defendant voluntarily waived his right to remain silent, and the confession was properly ruled to be admissible.

Defendant filed a supplemental brief challenging the jurisdiction of the district court in binding the defendant over for trial. This has been decided adverse to defendant in *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974).

Reversed and remanded for new trial.