PEOPLE v BERGIN

1. Criminal Law—Defendants—Hearing—Presence—Jury Misconduct—Motions—Mistrial.

A defendant has the right to be present at a hearing where jurors are examined in response to a defense motion for mistrial based on juror misconduct, but no reversible error occurred where jurors were interviewed concerning their alleged misconduct in the absence of the defendant but in the presence of defendant's mother, defendant's counsel and the prosecuting attorney, and the record does not indicate that the defendant was affirmatively excluded or that his counsel either requested that he be present or objected to his absence during the questioning.

2. Judgment—Appeals—Law of Case Doctrine—Piecemeal Litigation—Appeal and Error—Subsequent Appeals.

A rule of law known as the law of the case doctrine militates strongly against piecemeal litigation of alleged errors by means of successive and interminable appeals from a single judgment; therefore, a defendant who could have, and did, raise questions of the propriety of his conviction of murder at his original appeal of right is precluded from belatedly raising these questions on a subsequent appeal.

3. Criminal Law—Prosecutor's Misconduct—Prejudice—Codefendants—Refusal to Testify—Fifth Amendment.

There was no prosecutorial misconduct or prejudice to a defendant when the prosecuting attorney placed a codefendant upon the witness stand and asked questions which the codefendant refused to answer, pleading the Fifth Amendment, where the questioning was fairly short and indicated that the prosecutor

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 294.

Impaneling or selection of jury in accused's absence. 26 ALR2d 762.

[2] 5 Am Jur 2d, Appeal and Error § 744 et seq.

[3] 75 Am Jur 2d, Trial § 238.

Comment on accused's failure to testify, by counsel for codefendant. 1 ALR3d 989.

hoped to obtain testimony from the codefendant which, in fact, he could not get.

Appeal from Kent, Stuart Hoffius, J. Submitted June 3, 1975, at Grand Rapids. (Docket No. 18825.) Decided August 25, 1975.

Robert C. Bergin was convicted of first-degree murder. Defendant moved for new trial based on newly discovered evidence. Motion denied. Defendant appealed. Conviction and denial of motion for new trial affirmed, 16 Mich App 443 (1969). Delayed application for leave to appeal denied by the Supreme Court, 382 Mich 762 (1969). Defendant appeals on a newly raised issue by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Howard S. Sawyer,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Assistant Prosecuting Attorney, for the people.

*Mohney, Goodrich & Titta, P. C.,* for defendant on appeal.

Before: McGREGOR, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

McGREGOR, P. J. Defendant was found guilty by a jury of the beating death of one Benny Pesta, and was sentenced to life imprisonment. A motion for new trial was filed on behalf of the defendant with the claim that newly discovered evidence was available which would exonerate the defendant. Upon denial of this motion for new trial, appeal was brought to this Court, which affirmed the defendant's conviction and the denial of the motion for new trial. *People v Bergin,* 16 Mich App

443; 168 NW2d 459 (1969). A delayed application for leave to appeal was denied by the Michigan Supreme Court, *People v Bergin,* 382 Mich 762 (1969).

Subsequently, defendant filed a motion for delayed leave to appeal in this Court on the grounds that he had been illegally excluded from the judge's chambers while jurors were examined in response to defendant's motion for a mistrial based on juror misconduct. This Court granted this application for delayed appeal.

Defendant now contends that the trial court committed reversible error in its investigation of the matter; the prosecuting attorney contends that it is res judicata.

Before the trial recommenced, defense counsel did make an oral motion for a mistrial on the juror questioning procedure. The trial court took testimony in open court from James Russo, who had allegedly spoken with some of the jurors concerning this trial; this testimony indicated that Russo had heard no conversation concerning any trial, including the trial of this defendant. During this testimony, those present were this defendant, his counsel, a sheriff's deputy, and the assistant prosecuting attorney. Subsequently, in chambers, the trial judge interviewed the two jurors in the presence of defendant's mother and both the defendant's counsel and the prosecuting attorney. The record does not indicate that the defendant was affirmatively excluded nor does it indicate that his counsel either requested that the defendant be present or objected to the defendant's absence during the questioning of these jurors. No stenographic record was made of this questioning, but the court later reviewed for the record in the absence of the jury a summary of the jurors'

questioning in chambers; neither the prosecuting attorney nor the defense counsel had any additions or corrections thereto. Although the law gives the defendant the right to be present at such a hearing, under all the circumstances there is no showing of prejudice and defendant's absence from this questioning was not reversible error.

This new appeal is based upon the original 1967 trial court record which was available for presentation on defendant's 1969 appeal of right. Inasmuch as defendant could have raised these questions, and did, at the time of his original appeal, he is now precluded by the law of the case doctrine from belatedly raising these questions on a subsequent appeal.

Public policy militates strongly against piecemeal litigation of alleged errors by means of successive and interminable appeals from a single judgment. This policy is embodied in a rule of law similar to the *res judicata* rule, generally known as the law of the case doctrine.

This Court has had occasion to discuss and follow the law of the case doctrine. *People v Marsh,* 14 Mich App 518, 524, fn 5; 165 NW2d 853, 857, fn 5 (1968), *rev* 383 Mich 495; 175 NW2d 780 (1970).

In this identical case, *People v Bergin, supra,* p 448, when it was first heard, Judge HOLBROOK, of this Court, stated:

"Defendant made a motion for mistrial on the ground of a forbidden conversation between two jurors which allegedly occurred in a lunchroom during the course of trial. His mother claimed to have overheard a juror mention defendant's name and say to another juror, 'I find him guilty'. The trial judge investigated the matter in the presence of counsel for both sides. Both jurors denied that any discussion of this matter had taken

place. Also, a third person who was present with the two jurors stated that their conversation contained no comments relative to defendant's guilt or innocence. We find no abuse of discretion in the trial court's denial of defendant's motion for mistrial."

At that time, this identical alleged error was adjudicated and the trial court denied the motion for mistrial, and the trial continued.

Defendant also contends that he was denied a fair trial because the prosecuting attorney placed a codefendant upon the witness stand and asked questions which the codefendant refused to answer, pleading the Fifth Amendment.

We can find no prejudicial error to the defendant here in the record of the trial proceedings regarding this witness. The questioning of this codefendant was fairly short and appears to indicate that the prosecutor hoped to obtain testimony from the codefendant which, in fact, he could not get. *Namet v United States,* 373 US 179; 83 S Ct 1151; 10 L Ed 2d 278 (1963). We see no prosecutorial misconduct nor any undue prejudice accruing from this testimony.

Defendant is entitled to due process. He has had his day(s) in court and has been afforded full and ample opportunity to raise each and every question he desired in an appeal of right from his conviction. We find no reversible error.

Affirmed.