PEOPLE v DREW

Docket No. 30877. Submitted November 1, 1977, at Lansing.—Decided May 8, 1978.

    Edward L. Drew was convicted of armed robbery. Defendant appealed. Reversed, 67 Mich App 295 (1976). Defendant was retried in the Oakland Circuit Court, John N. O'Brien, J., and convicted of the same charge. Defendant appeals alleging prosecutorial misconduct, error in the jury instructions and prejudice. *Held:* ·

    1. It was error for the trial court to give an instruction limiting the jury's consideration of defendant's prior criminal record to the issue of credibility where the court had previously agreed to withhold that instruction, but the error was harmless where the defendant was not prejudiced by the instruction.

    2. Defendant's allegations of prejudice arising from references by the prosecutor to "mug shot" photographs which were used to identify the defendant and from comments concerning defendant's prior convictions during closing argument were within the bounds of fair comment on the defendant's credibility and were not reversible error.

    Affirmed.

    Judge H. L. HEADING dissented, and would find that it was fundamentally unfair and a violation of due process for a judge to renege on an agreed course of instruction, and that the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 88.
  5 Am Jur 2d, Appeal and Error § 614.
  46 Am Jur 2d, Judges §§ 199, 202.
  Time for asserting disqualification of judge, and waiver of disqualification. 73 ALR3d 1238.
[2] 5 Am Jur 2d, Appeal and Error § 801.
  29 Am Jur 2d, Evidence §§ 784, 785.
  Admissibility and prejudicial effect of admission of "mug shot", "rogues' gallery" photograph, or photograph taken in prison, of defendant in criminal trial. 30 ALR3d 908.
[3] 75 Am Jur 2d, Trial §§ 260, 269, 867.
[4] 75 Am Jur 2d, Trial §§ 867, 869.
[5, 6] 5 Am Jur 2d, Appeal and Error § 778.

references to "mug shots" were error beyond instructional cure where the defendant had not yet taken the stand and where defense counsel had not invited the error. He also would find that a jail identification bracelet which the defendant was required to wear over objection raised a potential of prejudice which outweighed the utility or convenience of the band. He would reverse because the totality of the errors denied defendant a fair trial.

OPINION OF THE COURT

1. APPEAL AND ERROR—JUDICIAL DISQUALIFICATION—TIMELY MOTIONS.

No error can be predicated on a trial judge's failure to disqualify himself from presiding over a trial unless the defendant timely moves for such disqualification.

2. CRIMINAL LAW—EVIDENCE—PHOTOGRAPHS—PROSECUTORS—MUG SHOTS—IDENTIFICATION—PREJUDICE—APPEAL AND ERROR.

A prosecutor's questions to a police officer at trial regarding "mug shot" photographs of the defendant and pictures received from police sources did not result in reversible error where the questions were for the purpose of establishing what photographs were used in a photographic lineup at which the defendant was identified and where the questions were not particularly inflammatory or deliberately prejudicial.

3. CRIMINAL LAW—CLOSING ARGUMENT—PROSECUTORS—PRIOR CONVICTIONS—CREDIBILITY.

A prosecuting attorney may relate the evidence adduced at trial in his closing argument and draw conclusions therefrom; he may discuss a defendant's prior convictions where they are relevant to the issue of the defendant's credibility.

4. CRIMINAL LAW—JURY INSTRUCTIONS—PRIOR CONVICTIONS—APPEAL AND ERROR—HARMLESS ERROR.

It was error for a trial court to first grant a defense counsel's request that an instruction limiting consideration of the defendant's prior convictions to the issue of his credibility not be given and later to give that very instruction; the error was harmless beyond a reasonable doubt, however, where it was essentially in the defendant's favor.

5. CRIMINAL LAW—APPEAL AND ERROR—HARMLESS ERROR—DEFINITION.

Error in a criminal trial should be held harmless where it is not so offensive to the maintenance of a sound judicial process that it never can be regarded as harmless or, if not so basic, where

the appellate court can declare a belief that the error was harmless beyond a reasonable doubt.

DISSENT BY H. L. HEADING, J.

6. CRIMINAL LAW—NEW TRIAL—FAIR TRIAL—APPEAL AND ERROR—
    TOTALITY OF ERRORS.

    *A defendant in a criminal case is entitled to a new trial where the totality of the errors committed during his trial deprived him of a fair trial, even where no one of the errors constituted clearly reversible error.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Lawrence J. Bunting,* Assistant Appellate Counsel, for the people.

*Cooper, Shifman & Gabe,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and BASHARA and H. L. HEADING,* JJ.

J. H. GILLIS, P. J. Defendant was convicted by a jury of armed robbery, contrary to MCL 750.529; MSA 28.797, and sentenced to serve 15 to 30 years in prison. He now appeals as of right, raising seven allegations of error, of which five merit discussion by this Court.

This is the second time that this case has come before this Court. Accordingly, facts will only be presented when warranted by our discussion of the issues. For a more detailed description of the facts, see *People v Drew,* 67 Mich App 295; 240 NW2d 776 (1976).

Defendant first contends that the trial court erred in failing to conduct an evidentiary hearing

_____

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

regarding the admissibility of a witness's identification of defendant.

Defendant was accorded an evidentiary hearing prior to his first trial. The trial court found that the witness's identification was admissible. This Court upheld the trial court's determination regarding the admissibility of the witness's testimony identifying defendant when this case was previously before this Court. As this Court stated:

"Under the circumstances in the case at bar, we believe that the prosecution showed by clear and convincing evidence that Mrs. Gossett (Phillips) had an independent basis for her identification of the defendant. *Therefore, we find no error in the lower court's decision to admit her identification testimony." People v Drew, supra,* 299. (Emphasis supplied.)

Defendant has presented no new evidence that would cause the trial court to determine that the witness's testimony would not be admissible. This Court's prior ruling in the instant case was and is "the law of the case". *People v Bergin,* 63 Mich App 526; 234 NW2d 687 (1975), *People v McDonald,* 239 Mich 253; 214 NW 186 (1927). We find no error in respect to this issue.

Defendant next contends that it was error for the trial court to preside over defendant's second jury trial after having presided at defendant's first jury trial on the same charge.

It is well established that no error can be predicated on a trial judge's failure to disqualify himself from presiding over a trial unless the defendant timely moves for such disqualification. *People v Dudley,* 393 Mich 762; 223 NW2d 297 (1974), *People v Stockford,* 59 Mich App 423; 229 NW2d 484 (1975). In the instant case, defendant made no such motion, and, accordingly, we find no error.

Defendant further contends that the trial court erred in failing to grant his motion for mistrial based upon the prosecutor's line of questioning regarding "mug shot" photographs and pictures received from police sources. We disagree.

Our review of the record reveals that the testimony was elicited for the purpose of establishing what pictures were used in the photographic lineup which identified defendant. The testimony was not particularly inflammatory nor was it deliberately injected into the proceedings to prejudice the defendant. Under such circumstances we find no reversible error. See *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974), *People v Hadley,* 67 Mich App 688; 242 NW2d 32 (1976).

The penultimate issue which this Court will address concerns the prosecutor's comments during his closing arguments in respect to defendant's prior convictions.

Defendant claims that the references made by the prosecutor to his prior convictions were improper and require reversal of his conviction. We disagree.

It is well established that a prosecuting attorney can relate the evidence adduced at trial and draw conclusions therefrom during closing arguments. *People v Davis,* 57 Mich App 505; 226 NW2d 540 (1975).

The prosecutor stayed within these bounds by limiting his reference in regard to defendant's prior convictions to the issue of defendant's credibility. See *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973).

Defendant's final allegation of error concerns an instruction given by the trial court which was first requested and later withdrawn by defense counsel.

The instruction at issue was to inform the jury

to weigh defendant's prior convictions in connection with his credibility only. Defense counsel withdrew his request for the instruction, apparently not wanting to remind the jury of defendant's past convictions. The trial court indicated that the instruction would not be given. However, the trial court later gave the instruction at issue.

Although it was error for the trial court to first grant defense counsel's request not to give an instruction and later give that very instruction, it was not reversible error.

The standard for harmless error is found in *People v Swan,* 56 Mich App 22, 31; 223 NW2d 346 (1974):

"The standards by which we measure error to determine whether it is reversible, or merely harmless, have become well settled.

" 'Where it is claimed that error is harmless, two inquiries are pertinent. First, is the error so offensive to maintenance of a sound judicial process that it never can be regarded as harmless? * * * Second, if not so basic, can we declare a belief that the error was harmless beyond a reasonable doubt?'

"*People v Mobley,* 390 Mich 57, 65; 210 NW2d 327, 332 (1973), *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709, 713 (1972), *People v Wichman,* 15 Mich App 110, 116; 166 NW2d 298, 302 (1968)."

A review of the record discloses that this error was truly harmless beyond a reasonable doubt. The instruction given by the court was in favor of defendant since it was to insure that prejudice did not result in the jurors' minds from defendant's prior felony convictions. The error was essentially in favor of defendant.

We also note that the evidence adduced at trial was overwhelming in respect to defendant's guilt.

Under such circumstances, we find the error harmless beyond a reasonable doubt.

Affirmed.

Bashara, J., concurred.

H. L. Heading, J. *(dissenting).* I respectfully dissent. I believe that reversal of defendant's conviction is required. Regardless of whether or not any one of the errors in this case constitutes clearly reversible error, the totality of the errors certainly deprived defendant of a fair trial. *People v Skowronski,* 61 Mich App 71, 77; 232 NW2d 306 (1975).

I

Defense counsel submitted a request that the trial court include in its final instructions a cautionary or limiting instruction on defendant's prior criminal conduct. Subsequently, defense counsel withdrew that request, and the court agreed not to give the instruction. However, the court in its instructions to the jury gave the withdrawn instruction.

Although defense counsel, through his requested instruction, originally sought to have the jury's consideration of defendant's prior record properly limited to the issue of credibility alone, defense counsel apparently decided that the value of such an instruction was outweighed by the prejudicial impact of reminding the jury of defendant's previous convictions. The cautionary instruction at issue here is obviously designed to benefit a defendant, and, thus, the decision as to whether or not to give such an instruction should properly be left to the defense. Compare the control which the defense exercises over the cautionary instruction

regarding a defendant's failure to testify. *People v Hampton,* 394 Mich 437; 231 NW2d 654 (1975).

In any event, regardless of who determines the appropriateness or necessity of an instruction, it is fundamentally unfair and a violation of due process for a trial judge, as here, to renege on an agreed course of instruction. *People v Patskan,* 387 Mich 701, 708–710; 199 NW2d 458 (1972) (opinion of Swainson, J.).

## II

The prosecutor, during his examination of a police officer regarding the pretrial photographic identification of defendant, deliberately elicited testimony regarding a "mug shot" of defendant and the fact that the various photographs of defendant were obtained from "other police agencies". Out of the presence of the jury defense counsel objected and moved for a mistrial. The court denied the motion but reprimanded the prosecutor for his "ill-advised" questions.

There can be no doubt that this line of questioning was highly suggestive of previous arrests and criminal conduct on the part of defendant. The introduction of evidence referring to a defendant's criminal record is improper where, as here, the defendant has not yet taken the stand and where defense counsel has not invited the error. *People v Embry,* 68 Mich App 667, 670; 243 NW2d 711 (1976). This Court has even held this type of error to be "beyond instructional cure.". *People v Deblauwe,* 60 Mich App 103; 230 NW2d 328 (1975).

## III

Defendant objected to wearing, in the presence of the jury, a blue, 1-1/2 inch jail identification

wrist band. The trial judge denied defendant's motion for removal of the band, citing lack of prejudice as well as difficulty with removing the band.

Ordinarily, a court has no discretion with respect to a defendant's attire and must allow defendant to wear civilian rather than prison clothing. *People v Shaw,* 381 Mich 467; 164 NW2d 7 (1969). Inasmuch as defendant's objection came prior to impanelling of the jury, he has properly preserved this issue for appeal. *People v Reginald Harris,* 80 Mich App 228; 263 NW2d 40 (1977).

Although the wrist band at issue here is certainly not as readily prejudicial as more obvious forms of prison garb, there is no guarantee that the wrist band would not be observed and recognized by a juror. If recognized, the wrist band would be just as prejudicial as any other type of prison garb. In this situation, a defendant is precluded from establishing anything more than the possibility of prejudice, as voir dire of the jurors on this point would be counter-productive. The record reveals no effort by the court to remove the possibility of prejudice through alternative methods; concealing or covering the band was not attempted. Absent any compelling state interest, the possibility of prejudice outweighs the utility or convenience of the wrist band. *Estelle v Williams,* 425 US 501, 505–506; 96 S Ct 1691; 48 L Ed 2d 126, 131 (1976).

## IV

Defendant has been tried and convicted of the instant offense twice. His first conviction was reversed by this Court in *People v Drew,* 67 Mich App 295; 240 NW2d 776 (1976). Defendant contends that reversible error occurred when the trial

judge, who had presided at his first trial, failed to *sua sponte* disqualify himself from sitting at the second trial.

In Michigan, as in other jurisdictions, in the absence of specific statutory or constitutional grounds for disqualification, the disqualification of the original trial judge to sit on retrial after reversal is within the judge's own judgment and discretion. *Kolowich v Wayne Circuit Judge,* 264 Mich 668; 250 NW 875 (1933). However, in light of the fact that the issue of disqualification has now been raised and in light of this Court's disposition of this case, it would seem that the appearance of justice would be better served by a different judge presiding over a third trial of this cause. *Cf. People v Jackson,* 391 Mich 323, 340–341; 217 NW2d 22 (1974).

## V

Defendant's other assignments of error do not warrant extended treatment:

There was no need for a second hearing on the issue of identification as that issue had already been decided by this Court's previous decision, and no new facts were offered. *Topps-Toeller, Inc v Lansing,* 47 Mich App 720; 209 NW2d 843 (1973), *Naples v United States,* 123 US App DC 292; 359 F2d 276 (1966).

The decision as to whether or not defendant could be impeached with his prior felony convictions was within the discretion of the trial judge. *People v Jackson, supra,* at 332–336.

Finally, no error occurred when the prosecutor's closing argument referred to defendant's prior convictions; the prosecutor's use of those convic-

tions properly focused on the issue of credibility. *People v DerMartzex,* 390 Mich 410, 413; 213 NW2d 97 (1973).

I would reverse and remand for a new trial.