798 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edison LEVY, Petitioner-Appellee,
v.
Dale FOLTZ, Respondent-Appellant.
 No. 85-1355.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1986.
 
 Before KEITH and MARIIN, Circuit Judges; and WEICK, Senior Circuit Ju4ge.
 PER CURIAM:
 
 
 1
 Respondent appeals from a district court order granting petitioner a writ of habeas corpus. The district court based the grant of habeas relief on the ground that the trial court issued a conviction-determining jury instruction which shifted the burden of proof on the element of malice to petitioner in violation of Sandstrom v. Montana, 442 U.S. 510 (1979). We reverse for the following reasons.
 
 
 2
 Petitioner was convicted of first degree murder on November 8, 1968. He received a sentence of life imprisonment. Petitioner argued at trial that he shot Paul Young four times in self defense and without malice after Young had pointed a gun at petitioner and fired a shot. Several witnesses testified that petitioner fired the third and fourth shots after Young fell to the ground and that petitioner either paused between shots or briefly stepped away before returning to fire the last two shots into the fallen Young. Petitioner denied shooting after Young had fallen and denied walking away and being restrained before firing the last two shots. At least one other witness testified the four shots were continuous. Young was found on the ground with a gun in his hand, leaving to speculation whether he posed a threat to petitioner after the second shot. At trial the prosecutor argued petitioner had premediated the last two shots with malice aforethought.
 
 
 3
 The trial court instructed the jury on the elements of murder with malice aforethought as follows:
 
 
 4
 If one, without cause inflicts a wrong upon another, we call him wicked and malicious. So when one, without any legal provocation, justification or excuse, intentionally kills another, he is called a murderer.
 
 
 5
 The law implies from such unprovoked, unjustifiable or inexcusable killing the existence of that wicked disposition which the law terms malice aforethought....
 
 
 6
 If a man kills another suddenly, and without provocation, the law implies malice, and it is murder ...
 
 
 7
 Malice as used in the definition of murder is used in a technical sense, including not only anger, hatred, and revenge, but every other unlawful and unjustifiable motive. It is not confined to particular ill will to the deceased, but is intended to denote an action flowing from a wicked and corrupt motive; where the fact has been attended with such circumstances as carry in them the plain indication of a heart regardless of social duty, and fatally bent upon mischief. Therefore, malice is implied from any deliberate or cruel act against another, however sudden. The time within which the wicked purpose is formed is immaterial.
 
 
 8
 Jt.App. at 132, 134, 135 (emphasis added). Petitioner objected to none of the trial court instructions.
 
 
 9
 In his post-conviction appeals petitioner first filed several delayed motions for a new trial which were denied. He then appealed to the Michigan Court of Appeals stating his appeal in terms of state law only. In an order dated February 28, 1973, the Michigan Court of Appeals affirmed petitioner's conviction on the grounds that three of the alleged jury instruction errors were not preserved for review, the fourth was harmless error and all remaining claims were without merit. Jt. App, at 62. The Supreme Court of Michigan denied leave to appeal on June 20, 1973.
 
 
 10
 From 1973 to 1980 petitioner repeatedly requested and was denied leave to appeal his conviction and sentence. In October 1981, petitioner again filed a delayed application for leave to appeal, stating his federal constitutional claims for the first time. The state opposed the application on the merits as well as on grounds of procedural default. In an order dated March 19, 1982, the Michigan Court of Appeals denied leave to appeal these new claims on the ground that it had reviewed the parties' briefs and had found "lack of merit in the grounds presented." March 19, 1982 Order from the Court of Appeals of the State of Michigan, Addendum to Jt. Appendix. On March 21, 1983, the Supreme Court of Michigan issued an order stating that it was not persuaded the issues presented should be reviewed. Petitioner filed the instant petition for a federal writ of habeas corpus on May 11, 1983. The district court granted the writ because the jury instruction on malice aforethought violated Sandstrom v. Montana, 442 U.S. 510 (1979), and did not constitute harmless error.
 
 
 11
 On appeal respondent argues that given the appellate procedural bar imposed by the Michigan Court of Appeals in 1979, petitioner must show cause under Wainwright v. Sykes, 433 U.S. 72 (1977), for his failure to present federal claims to the Michigan courts until 1991. Respondent further argues that petitioner can show no prejudice under Wainwright v. Sykes, for either his original failure to object to the Sandstrom jury instruction[1] or his failure to appeal federal claims until 1981. We will first address the issue of cause for petitioner's failure to present federal claims to the state courts.
 
 
 12
 In its 1979 order denying appellate review, the Michigan Court of Appeals included a see also reference to People v. Bergin, 63 Mich. App. 526, 234 N.W.2d. 687 (Mich. - Ct. App. 1975). We conclude that by citing Bergin the court invoked the "law of the case doctrine" which constitutes a procedural bar to subsequent appeals based on claims the defendant could have raised at the time of his original appeal. People v. Bergin, 63 Mich. App. at 529. This, in 1979, the Michigan Court of Appeals raised an independent and adequate state procedural bar to petitioner's subsequent appeal of his federal claims. Examination of the record reveals that petitioner did not file his original appeal of right until January 27, 1972. Since In re Winship, 397 U.S. 358 (1970), preceded petitioner's original appeal, he could have raised the Sandstrom claims at that time. McBee v. Grant, 763 F.2d 811, 817 (6th Cir. 1985). Under the Bergin procedural bar, petitioner's failure to do so precluded the district court from reviewing the Sandstrom claims absent a showing of cause and prejudice for the failure to raise the federal claims at the time of the original appeal of right.
 
 
 13
 We also conclude that, although the state court order does not indicate as much, procedural default constituted a substantial basis of the 1981 state court order denying petitioner leave to appeal his Sandstrom claim. Where, as here, the state argued procedural default in opposition to petitioner's delayed appeal, this Court mist find procedural default was a substantial basis of the state court decision. Gilbert v. Parke, 763 F.2d 821, 824 (6th Cir. 1985). Given petitioner's failure to demonstrate cause and prejudice in not raising his federal claims until 1981 for both the 1979 and 1981 appeals, we must reverse the district court judgment granting the writ of habeas corpus.
 
 
 14
 The district court judgment granting a writ of habeas corpus is hereby reversed.
 
 
 
 [1]
 Respondent concedes that cause will be found if a failure to object to a Sandstrom instruction occurred before In re Winship, 397 U.S. 358 (1970). See McBee v. Grant, 763 F.2d 811, 817 (6th Cir.1985)