PEOPLE v RIDER

Docket No. 65658. Decided July 13, 1981. On application by defendant
for leave to appeal the Supreme Court, in lieu of granting leave
to appeal, remanded the case to Kalamazoo Circuit Court for
further proceedings.

Carlton Rider was convicted on his plea of guilty in Kalamazoo
Circuit Court, Donald T. Anderson, J., of breaking and entering
a building with intent to commit larceny. The defendant testi-
fied at the plea-taking proceeding that, after business hours
and without permission to do so, he opened a door of a gasoline
service station where he worked with a key given to him by his
employer and took money which belonged to the station. The
Court of Appeals, R. B. Burns, P.J., and J. H. Gillis, J. (D. C.
Riley, J., dissenting), affirmed in a memorandum opinion, hold-
ing that the facts admitted by the defendant sufficiently sup-
ported his plea of guilty (Docket No. 47916). Defendant applies
for leave to appeal.

In a unanimous opinion, the Supreme Court *held:*

Only a minimum amount of force is necessary to establish
the element of a breaking in a case of breaking and entering,
but the force exerted must be unauthorized. Where a person is
given a key with no qualifications on its use, any subsequent
use of the key should not be considered a breaking. There is no
burglary if the person entering has a right to do so. It cannot
be discerned from the record in this case whether any restric-
tions were placed upon the defendant's use of his key. Accord-
ingly, the case was remanded to the Kalamazoo Circuit Court
to give the prosecutor an opportunity to demonstrate that the
defendant's right to use the key was restricted and that his use
of it violated the restriction. If the prosecutor is unable to
establish those facts, the judgment of conviction must be set
aside.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James J. Gregart,*
Prosecuting Attorney, and *Paul Burakoff,* Assis-
tant Prosecuting Attorney, for the people.

Carlton Rider, *in propria persona.*

PER CURIAM. This case presents the question of whether the element of breaking in a prosecution for breaking and entering with intent to commit larceny contrary to MCL 750.110; MSA 28.305 is established where it is demonstrated that the defendant gained entry to the premises by using a key which had been entrusted to him.

I

On July 2, 1979 the defendant pled guilty to a single count of breaking and entering with intent to commit larceny. During the course of the plea proceedings the defendant admitted that on the evening of February 19, 1979 he went to a gasoline service station owned by his employer. He opened the door with a key which had been given to him by his employer and took money from the premises.

The defendant subsequently appealed his conviction to the Court of Appeals. In an unpublished memorandum opinion a majority of the Court of Appeals panel rejected the defendant's claim that the factual basis which he provided did not establish that there had been a breaking. His conviction was affirmed, Judge RILEY dissenting.

The defendant has filed a delayed application *in propria persona* for leave to appeal.

II

In dissent Judge RILEY observed:

"While it is clear that only a minimum amount of force is necessary to establish a breaking [citations omitted], it is equally clear that *some* unauthorized

force must be exerted. [Citations omitted.] The facts of this case indicate that the defendant obtained entry to the gas station where the larceny occurred, by using a key given to him by the management. Although the issue of entry by key has never been addressed by the courts of this state, I agree with other jurisdictions that an unrestricted use of a key cannot constitute a breaking. *Stowell v People,* 104 Colo 255; 90 P2d 520 (1939), *Ealey v State,* 139 Ga App 110; 227 SE2d 902 (1976). See also *People v Woods,* 182 Colo 3; 510 P2d 435 (1973), *People v Carstensen,* 161 Colo 249; 420 P2d 820 (1966). When a person is given a key with no qualifications on its use, any subsequent exercise should not be considered a breaking." (Emphasis in original.)

In *Stowell v People, supra,* cited by Judge RILEY in her dissent, the Supreme Court of Colorado was called upon to decide whether a railroad conductor who used a key which had been entrusted to him to enter a warehouse where he stole some merchandise was guilty of burglary. In concluding that the defendant was not guilty of burglary, the Court held:

"Had the switch key not been furnished defendant by the company, nor any authority given him under the terms of his employment to enter the building at the time and place in question, the evidence would have supported a conviction of burglary under the statute. * * * From the record it appears that defendant had a right to enter this warehouse at the time and in the manner he did, provided his intent in so doing was lawful. Hence this offense, if burglary, is raised to that grade solely by his unlawful intent. But intent alone is not always sufficient for that purpose. There is 'no burglary, if the person entering has a right so to do, although he may intend to commit, and may actually commit, a felony, and although he may enter in such a way that there would be a breaking if he had no right to enter.' 90 CJ § 20, p 1016." 104 Colo 257.

We agree with the reasoning of the Supreme Court of Colorado and Judge RILEY.

## III

At the plea-taking in the instant case, the following colloquy took place:

*"The Court:* Would you tell us what happened in regard to this incident?

*"The Defendant:* I went up to the station and opened the door with a key and intended to take the money and not return.

*"The Court:* What station?

*"The Defendant:* Ed's Refinery.

\* \* \*

*"The Court:* Where did you get the key?

*"The Defendant:* They give everybody one.

*"The Court:* Were you an employee?

*"The Defendant:* Yes, sir.

*"The Court:* Were you still employed there when this happened?

*"The Defendant:* Yes.

*"The Court:* Did you claim you had a right to go in and take this money?

*"The Defendant:* No, sir.

*"The Court:* When you first went in, when you opened the door—you say you turned the key in the lock, opened the door and walked in. When you did that, at that moment did you intend to take money out of there?

*"The Defendant:* Yes, sir.

*"The Court:* Was it money that you had authority to take, that someone told you you could take?

*"The Defendant:* No.

*"The Court:* Was it your money?

*"The Defendant:* No, sir.

*"The Court:* Did you claim that there was any right to take this money?

*"The Defendant:* No, sir.

*"The Court:* Did you intend to deprive the owner of it without any authority?

*"The Defendant:* Yes, sir.

*"The Court:* Did you intend to deprive the owner of it permanently?

*"The Defendant:* Yes, sir.

*"The Court:* What time of the day or night was this?

*"The Defendant:* I'm not really sure. It was after—

*"The Court:* During business hours?

*"The Defendant:* No.

*"The Court:* Was it the time you normally might open?

*"The Defendant:* No, sir.

*"The Court:* Was it a time when the station was not normally open?

*"The Defendant:* Yes, sir.

*"The Court:* But you don't know whether it was day or night?

*"The Defendant:* It was at nighttime.

\* \* \*

*"The Court:* It was after the station closed at night and before it opened in the morning?

*"The Defendant:* Yes, sir.

*"The Court:* Had you worked there that day?

*"The Defendant:* No."

We cannot discern from this record whether any restrictions were placed upon the defendant's use of his key. Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we remand the case to the Kalamazoo Circuit Court. On remand the prosecutor shall be given an opportunity to demonstrate that the defendant's right to use the key was restricted and that defendant's use of the key violated the restriction. If the prosecutor is able to establish these facts and there is no contrary evidence, the judgment of conviction shall be affirmed. If the prosecutor is unable to establish these facts, the judgment of

conviction shall be set aside. If contrary evidence is provided, the matter shall be treated as a motion to withdraw the guilty plea and the court shall decide the matter in the exercise of its discretion. GCR 1963, 785.7(6). *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

On remand the circuit court shall also consider the defendant's motion for bond and for appointment of counsel.

We retain no jurisdiction.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.