PEOPLE v BROWNFIELD (AFTER REMAND)

Docket No. 170012. Submitted February 7, 1996, at Grand Rapids. Decided April 26, 1996, at 9:30 A.M.

Steven A. Brownfield pleaded guilty in the Crawford Circuit Court, William A. Porter, J., of breaking and entering an occupied dwelling with intent to commit larceny. In exchange for the plea, the prosecutor dropped charges of unlawfully driving away an automobile (UDAA) and habitual offender, second offense. Dwain Nutt, Eddie Previch, and the defendant had taken guns from the home of Nutt's stepfather, where Nutt also resided. The defendant appealed and moved for a remand for a withdrawal of the plea based on a claimed insufficient factual basis for breaking and entering. On remand, the trial court denied the motion.

After remand, the Court of Appeals *held:*

A person cannot be convicted of breaking and entering an occupied dwelling with intent to commit larceny if the person had the right to enter the dwelling, and a person who assists another in removing property has not committed breaking and entering if the person holds a bona fide belief that the person assisted had a right to enter and remove the property. In this case, Nutt had the right to enter his stepfather's home and the defendant cannot be convicted of breaking and entering as an aider and abettor. The case must be remanded for vacation of the defendant's conviction and for further proceedings in the event that the prosecution chooses to reinstate the charges of UDAA and habitual offender or bring any other charges that could have been brought had the defendant not pleaded guilty.

Remanded.

BURGLARY — BREAKING AND ENTERING AN OCCUPIED DWELLING WITH INTENT TO COMMIT LARCENY — RIGHT OF ENTRY.

A person who has a right to enter an occupied dwelling cannot be convicted of breaking and entering that dwelling with intent to commit larceny; providing assistance to a person who removes property from a dwelling is not breaking and entering where the person providing assistance has a bona fide belief that the person assisted has a right to enter the dwelling and remove property (MCL 750.110; MSA 28.305).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John B. Huss*, Prosecuting Attorney, and *Carole F. Barnett*, Assistant Attorney General, for the people.

State Appellate Defender (by *Norris J. Thomas, Jr.*, and *Daryl D. Mack*), for the defendant on appeal.

AFTER REMAND

Before: CORRIGAN, P.J., and BANDSTRA and W. A. CRANE,* JJ.

CORRIGAN, P.J. Defendant appeals of right his guilty plea of breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. In exchange for the plea, the prosecutor agreed to drop charges of unlawfully driving away an automobile (UDAA), MCL 750.413; MSA 28.645, and habitual offender, second offense, MCL 769.10; MSA 28.1082. We remand for further proceedings consistent with this opinion.

Intending to steal property, defendant Steven Brownfield and his two friends, Eddie Previch and Dwain Nutt, went to the house of Nutt's stepfather, where Dwain Nutt lived. Nutt opened the unlocked back door and the three went inside and took guns from the home.

In an earlier order, this Court, while retaining jurisdiction, granted defendant's motion to remand to permit a motion to withdraw his guilty plea on the grounds that the factual basis of the plea was insufficient. At the hearing on remand, only Nutt testified. Nutt testified that he lived with his stepfather and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that he was free to enter his stepfather's home as he pleased. Nutt said that he had the authority to enter the home, but his stepfather did not give him the authority to enter the home to steal property; he added that he had permission to bring friends to the house.

The circuit court denied defendant's motion to withdraw his guilty plea, ruling that the evidence established the element of unlawful breaking. The court found that Nutt, Previch, and defendant had agreed to enter the home to steal property. The court stated that Nutt had been restricted from entering the home for the purpose of stealing. Thus, the court stated, Nutt did not have permission to enter and, when defendant went through the door, he committed a breaking with the intent to commit an unlawful purpose.

Defendant raises a single issue on appeal, arguing that the circuit court erred in ruling that sufficient evidence existed to establish a breaking and entering. In reviewing the adequacy of the factual basis for a plea, this Court examines whether the factfinder could properly convict on the facts elicited from the defendant at the plea proceeding. *People v Booth*, 414 Mich 343, 360; 324 NW2d 741 (1982).

The elements of breaking and entering an occupied dwelling with intent to commit a felony are: (1) a breaking and entering; (2) of an occupied dwelling; and (3) with felonious intent. *People v Frost*, 148 Mich App 773, 776; 384 NW2d 790 (1985). The first element is at issue here.

In this case, the circuit court ruled that the facts established the element of breaking and entering because Nutt and defendant entered the home

intending to steal property. Entry, however, is an element separate and apart from the element of intent, as demonstrated by case law from other jurisdictions. See *People v Hutchinson*, 124 Misc 2d 487, 490; 477 NYS2d 965 (Sup Ct, 1984); *State v Thibeault*, 402 A2d 445, 448 (Me, 1979); *State v Dunn*, 263 La 58, 62-63; 267 So 2d 193 (1972).

Under Michigan law, even if a defendant enters a building and commits a larceny, he has not committed a burglary when he has the right to enter the building. *People v Rider*, 411 Mich 496, 498; 307 NW2d 690 (1981); *People v D'Argis*, 44 Mich App 186, 192-193; 205 NW2d 19 (1972). Additionally, a person who assists another in removing property has not committed a burglary if he holds a bona fide belief that his companion had a right to enter and remove the property. *Id.*

In the case at bar, because Nutt had the right to enter the home, he did not commit a breaking and entering. Because Nutt had the right to enter, defendant did not commit a breaking and entering under an aiding and abetting theory.

In light of the distinction between entry and intent, the circuit court erred in relying on *Rider, supra*. The *Rider* defendant admitted that he went to his place of employment, a gas station, opened the door with a key provided by his employer, and took money. The defendant pleaded guilty of breaking and entering with the intent to commit larceny. *Rider, supra* at 497. Our Supreme Court remanded the case, noting that the record did not show whether the employer placed restrictions on the defendant's use of the key. The Court stated that the defendant's conviction could stand if the prosecutor could prove that the

employer restricted the defendant's right to use the key and that the defendant's use of the key violated that restriction. *Id.* at 500. *Rider* is not dispositive here, in light of the cited case law, because it does not distinguish between entry and intent.

Also persuasive is *United States v Prejean*, 494 F2d 495 (CA 5, 1974). Because the *Prejean* defendant and his fifteen-year-old accomplice needed money, the accomplice decided to take his mother's cash box. Aware of the plan, the defendant drove the accomplice to his mother's house, where the accomplice lived. The accomplice unsuccessfully tried the front door, then crawled through a window and stole the box. *Id.* at 496.

The *Prejean* court pointed out that, under Texas law, if a homeowner consented to a defendant's entry, then that defendant could not be charged with burglary, even if he committed theft once inside. *Id.* at 498. Although the father denied giving consent to his son, the fifteen-year-old, to *break* into his home and steal property, the father was not asked if he gave his son permission to *enter* the home. The court noted that entry was a separate element from breaking, and added that it was "inconceivable" that the father would deny his son permission to enter the family home where he lived. The court held that without direct proof of lack of consent to enter, the defendant's conviction could not stand. *Id.*

Also, other jurisdictions have ruled that minors living at home generally have their parents' consent to enter the family home. See anno: *Minor's entry into home of parent as sufficient to sustain burglary charge*, 17 ALR5th 111. Dwain Nutt was fifteen years

old and living at his stepfather's home at the time of the alleged breaking and entering.

Under the foregoing authorities, the circuit court in this case erred in holding that a sufficient factual basis existed for defendant's guilty plea of breaking and entering. The record contains no evidence that Nutt did not have permission to *enter* his parents' home. Rather, Nutt testified that he was free to enter the home, where he lived. Because Nutt had permission to enter the home, he did not commit a breaking and entering. Defendant likewise did not commit a breaking and entering.

Accordingly, the prosecutor presented insufficient facts upon which to base defendant's plea of guilty of breaking and entering an occupied dwelling with intent to commit larceny. On remand from a plea-based conviction, if the prosecutor cannot establish that a defendant committed the offense charged, then the trial court shall set aside the conviction. *People v Mitchell*, 431 Mich 744, 750; 432 NW2d 715 (1988); *People v Kedo*, 108 Mich App 310, 313-314; 310 NW2d 224 (1981). The circuit court thus should have set aside defendant's plea-based conviction. We therefore remand this matter to the circuit court to vacate defendant's guilty plea and conviction.

Finally, because the prosecutor originally charged defendant with UDAA and habitual offender, second offense, this case may proceed to trial on those charges, or on any charges that the prosecutor could have brought against defendant if he had not pleaded guilty. See MCR 6.312. Thus, we remand this case for further proceedings under MCR 6.312. We do not retain jurisdiction.

Remanded.