# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHANISHA MOLDEN,

Defendant-Appellant.

UNPUBLISHED
August 22, 2017

No. 332234
Wayne Circuit Court
LC No. 15-008498-01-FH

Before: TALBOT, C.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right her bench trial convictions of first-degree home invasion, MCL 750.110a(2), malicious destruction of a building between $1,000 and $20,000, MCL 750.380(3)(a), malicious destruction of personal property $200 or more but less than $1,000, MCL 750.377a(1)(c)(*i*), and aggravated domestic violence, MCL 750.81a(3). The trial court sentenced defendant to 30 months to 20 years' imprisonment for the first-degree home invasion conviction and one year probation for the malicious destruction of a building between $1,000 and $20,000, malicious destruction of personal property $200 or more but less than $1,000, and aggravated domestic violence convictions. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE CHALLENGE

Defendant contends that insufficient evidence existed to show that she entered the home without permission and that she has an affirmative defense to the underlying assault necessary for the first-degree home invasion conviction. We disagree.

Challenges to the sufficiency of the evidence are reviewed de novo. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). In examining the sufficiency of the evidence, "this Court reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted). "[I]t is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Flick*, 487 Mich 1, 24-25; 790 NW2d 295 (2010) (quotation marks and citation omitted). "[C]ircumstantial evidence and all reasonable inferences drawn therefrom can constitute satisfactory proof of the crime." *Solloway*, 316 Mich App at 180-181.

-1-

MCL 750.110a(2) states, in relevant part, "a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling . . . [a]nother person is lawfully present in the dwelling." MCL 750.110a(1)(a) defines "without permission" to mean "without having obtained permission to enter from the owner or lessee of the dwelling or from any other person lawfully in possession or control of the dwelling."

In *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010), our Supreme Court reiterated the elements for first-degree home invasion, as relevant to this appeal: "Element One: The defendant either . . . breaks and enters a dwelling or . . . enters a dwelling without permission. Element Two: The defendant . . . at any time while entering, present in, or exiting the dwelling commits a felony, larceny, or assault. Element Three: while the defendant is entering, present in, or exiting the dwelling . . . another person is lawfully present in the dwelling." In cases where a key, which was entrusted to a defendant, is used to enter the premises, the "breaking in" element is implicated only if the key was given to a defendant with a restriction for access and defendant violated the restriction. *People v Rider*, 411 Mich 496, 500; 307 NW2d 690 (1981); *People v Brownfield*, 216 Mich App 429, 432; 548 NW2d 248 (1996).

Looking at the record in the light most favorable to the prosecution, the essential elements of the crime were proven beyond a reasonable doubt. See *Reese*, 491 Mich at 139. As for the first element, a rational fact finder could conclude that defendant entered the home by either "breaking" in or by not having permission to enter. See *Wilder*, 485 Mich at 42. The victim, Carl Owens, testified that he did not know where defendant got the key, and further stated that, "she stole it." Owens stated he did not give defendant permission to come over on the night of the incident. Owens said that defendant would come over to spend the night on occasion, but that she "never stayed there," and would only stay "when I allow[ed] her to."

Conflicting with Owens's testimony, defendant testified that Owens gave her the key, she had permission to enter, and no restrictions were placed on the key's use. Defendant's best friend, Audree Valentine, also testified that defendant told her that she was invited to Owens's home on the night of the incident. Although defendant and Valentine contradicted Owens's testimony, regarding whether defendant had permission to enter, we will not consider defendant's and Valentine's testimony because we resolve conflicts favorable to the prosecution. See *Reese*, 491 Mich at 139. Owens's testimony above clearly stated that defendant was not welcome in his home without permission.

"This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Passage*, 277 Mich App 175, 177; 743 NW2d 746 (2007). The trial court made specific findings that it did not find defendant credible when defendant testified that she "was expected at [Owens'] house." The trial court also found defendant incredible because she testified that she did not recognize the person who showed up as Valentine's brother. Additionally, the trial court found defendant incredible because she testified that she repeatedly blocked Owens from hitting her with a "2 x 4" board by using her foot, and that the photographs admitted at trial do not support an injury to her foot. On the contrary, the trial court stated, "The court finds Mr. Owens' version of the facts convincing . . .

that defendant either surprised him by arriving without his permission or went to his home with Ms. Valentine and entered it without permission." The trial court also stated, "If [defendant] was lawfully in possession of the key, there is sufficient evidence from the record to discern that Mr. Owens placed restrictions on the use of the key and did not invite the [d]efendant to his house that night. . . . If she did not lawfully acquire the key, then she had no permission to enter the house. Either way [defendant] had no permission to enter Mr. Owens's home that night." The trial court also found that Valentine's credibility was severely damaged by her statement to the police, which she contradicted at trial.

As for the second element, a rational fact-finder could reasonably conclude that defendant assaulted Owens. An "assault is either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Terry*, 217 Mich App 660, 662; 553 NW2d 23 (1996). "A battery is the consummation of an assault," and has been defined as "an intentional, unconsented and harmful or offensive touching of the person of another." *Id.*; see also *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). Owens testified that he awoke to defendant punching him in the face. At that point, they "were fighting in the room." Defendant's testimony offered a less forceful impact than a punch. Specifically, defendant stated she simply "nudge[d]" or "pushed" his head. The trial court made a finding that "[defendant] and [Valentine] entered [Owens'] bedroom and began hitting him, including [Owens'] face." Additionally, the trial court stated, "As indicated elsewhere in this Judgement, the assault upon Mr. Owens by [defendant] continued after the initial punches to include the injury to his groin area." Looking at the evidence in the light most favorable to the prosecution, defendant's punch to Owens' face is a battery, as it was intentional, unconsented and harmful or offensive. See *Starks*, 473 Mich at 234. However, even if we only considered defendant's testimony, that she nudged or pushed Owens' head, her action is still an assault because it consummated an intentional, unconsented and offensive touching by defendant. See *id.*; *Terry*, 217 Mich App at 662.

Defendant contends that, even if she entered without permission, she did not commit an assault because she acted in self-defense to Owens' excessive response to her nudge. Specifically, defendant appears to argue that her battery on Owens' testicles was in self-defense to Owens' extreme response to her nudge. However, looking at the evidence in the light most favorable to the prosecution, defendant did not nudge Owens – instead, she woke him up by punching him in the face. Therefore, the assault already occurred prior to defendant's alleged self-defensive grab of Owens' testicles. Additionally, defendant fails to cite any relevant law that would excuse defendant's earlier assault based on Owens' after-the-fact reaction. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *People v Martin*, 271 Mich App 280, 315; 721 NW2d 815 (2006). Therefore, defendant's argument is either invalid or incorrectly argued. The third element of first-degree home invasion is not challenged on appeal. Therefore, a rational fact-finder could have determined that the elements of first-degree home invasion were proved beyond a reasonable doubt.

## II. SENTENCE CHALLENGE

Defendant contends her sentence was unreasonable and disproportionate because the trial court failed to consider defendant's culpability as compared to the harshness of the sentence. We disagree.

We review, de novo, questions involving the interpretation and application of the sentencing guidelines. *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006). We review for an abuse of discretion whether a sentence is proportionate. *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011).

A defendant's sentence will only be reviewed for reasonableness as required by *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), and the adoption in *People v Steanhouse*, 313 Mich App 1, 42; 880 NW2d 297 (2015), of the principle of proportionality found in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), if the defendant was given a sentence that departed from the minimum sentencing guidelines range. See *Lockridge*, 498 Mich at 392, where our Supreme Court held that a "sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness," and *Steanhouse*, 313 Mich App at 42, where we noted that when a defendant receives an upwards sentencing departure, "under *Lockridge*, this Court must review [the] sentence for reasonableness[,]" and that "[t]he appropriate procedure for considering the reasonableness of a departure sentence is not set forth in *Lockridge*."

Defendant received a 30-month minimum sentence, which was within the 30- to 50-month minimum sentencing guidelines range. Because defendant's minimum sentence falls within the guidelines range, the reasonableness review mandated for departure sentences by *Lockridge* is inapplicable. In *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), we explained the applicability of MCL 769.34(10):

> When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information. MCL 769.34(10). Defendant does not dispute that his sentence was within the recommended minimum guidelines range, and he does not argue that the trial court relied on inaccurate information or that there was an error in scoring the guidelines. Therefore, this Court must affirm the sentence.

Defendant's sentence falls within the recommended minimum sentencing guidelines range, and she does not argue that there was an error in scoring the guidelines or that the trial court relied on inaccurate information to determine her sentence. Accordingly, defendant's sentence should be affirmed. MCL 769.34(10); *Schrauben*, 314 Mich App at 196.

Further, "[a] sentence within the guidelines range is presumptively proportionate." *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). Defendant argues that because she is a working mother and had a minimal criminal background, her sentence is disproportionate. Defendant argues, quoting *Solem v Helm*, 463 US 277; 103 S Ct 3001; 77 L Ed 2d 637 (1983), overruled in part on other grounds by *Harmelin v Michigan*, 501 US 957 (1991), that the most serious punishments are to be reserved for the most serious combinations of the

-4-

offense and the background of the offender." However, the trial court did not give defendant the most serious punishment. In fact, the trial court stated:

> The home was broken into, there was destruction of personal property, there was destruction of [the] building and Mr. Owens was attacked in a very personal way and sustained a fairly severe injury.
>
> So in balancing all of these, I don't believe that I have the substantial and compelling reasons, even after *Lockridge*, to downward deviate from the guidelines because I don't believe that the defense – Defendant's work history and her status as a mother is substantial and compelling enough.
>
> I will, however, . . . sentence you to the *absolute rock bottom of the guidelines*. I'm going to sentence you to the 30 months to 20 years on the home invasion in the first degree.
>
> Also, I'm not going to engage in any kind of consecutive sentencing on [the other counts]. [Emphasis added.]

Additionally, defendant provides no relevant law supporting the contention that, because defendant is employed, a mother, and was subject to protection by a personal protection order against Owens, the trial court abused its discretion when it sentenced her to the bottom of the minimum sentencing guidelines range. See *Martin*, 271 Mich App at 315.

Affirmed.

/s/ Michael J. Talbot
/s/ David H. Sawyer
/s/ Cynthia Diane Stephens