# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* SH'MARR X. JACKSON, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

SH'MARR X. JACKSON,

        Respondent-Appellant.

UNPUBLISHED
August 29, 2017

No.  331632
Wayne Circuit Court
Family Division
LC No.  14-517095-DL

---

Before:  GADOLA, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

On November 10, 2014, respondent entered a plea of admission to fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1).  On February 17, 2015, the trial court entered an order of disposition referring respondent to Wayne County Children and Family Services for Level II out-of-home care.  On January 20, 2016, respondent filed a motion to withdraw his plea, claiming the trial court failed to inform him of the possible dispositions and that there was an insufficient factual basis on which he could be convicted of CSC-IV.[1]  On February 2, 2016, the

---

[1]Petitioner actually filed two petitions against respondent based on two incidents within approximately a few weeks of each other.  The first petition alleged CSC-IV against one victim.  The other petition alleged CSC-III and assault with intent to commit criminal sexual conduct (CSC) against a different victim.  Respondent demanded a jury trial on the second petition, and the trial court held an adjudication on the charges in that petition.  At the conclusion of the trial, the trial court determined that respondent committed an assault with intent to commit CSC, but did not commit CSC-III.  Respondent also requested a new trial when he filed his motion to withdraw his plea on the CSC-IV adjudication, but the trial court denied that request as well.  Respondent has not appealed that aspect of the trial court's ruling, and therefore, we do not address it.

trial court entered an order denying respondent's motion to withdraw his plea. Respondent appeals by leave granted.[2] We remand for further proceedings.

Respondent argues that the trial court erred when it denied his motion to withdraw his plea because his plea was not understanding pursuant to MCR 3.941(C)(1) or accurate pursuant to MCR 3.941(C)(3). We review for an abuse of discretion a trial court's decision on a motion to withdraw a plea. *In re Zelzack*, 180 Mich App 117, 126; 446 NW2d 588 (1989); see also *People v Brown*, 492 Mich 684, 688; 822 NW2d 208 (2012). "An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of principled outcomes." *In re Utrera*, 281 Mich App 1, 15; 761 NW2d 253 (2008) (quotation marks and citation omitted).

MCR 3.941 outlines the trial court's plea procedures necessary to ensure that a plea is understanding, voluntary, and accurate. "A juvenile may offer a plea of admission or of no contest to an offense with the consent of the court." MCR 3.941(A). However, "[t]he court shall not accept a plea to an offense unless the court is satisfied that the plea is accurate, voluntary, and understanding." *Id.*

## I. UNDERSTANDING PLEA

MCR 3.941(C) provides the procedures necessary to ensure an understanding plea and states, in relevant part, the following:

> **(C) Plea Procedure.** Before accepting a plea of admission or of no contest, the court must personally address the juvenile and must comply with subrules (1)-(4).
>
> (1) *An Understanding Plea.* The court shall tell the juvenile:
>
> * * *
>
> (b) the possible dispositions[.] [MCR 3.941(C)(1)(b).]

The possible dispositions are listed under MCL 712A.18 and include, among others, giving the respondent a warning, placing the respondent on probation or under supervision in the home, or committing the respondent to an institution outside of the home. See MCL 712A.18(1)(a), (1)(b), (1)(d), and (1)(e).

Respondent argues that he entered his plea of admission without understanding the consequences of that plea. At the plea hearing, the trial court stated the following regarding the possible consequences of entering the plea:

---

[2] *In re Sh'marr X Jackson*, unpublished order of the Court of Appeals, entered August 3, 2016 (Docket No. 331632).

If you plead guilty and support those facts I'll send you to a group of sociologists, psychologists, educational experts and others. They would interview your mother and you. They would test you in a wide variety of different ways. They'll come back to me with a list of problems that you have and they'd also come back to me with a list of ways of solving those problems. You would not get me out of your hair until all those problems are fixed.

Thereafter, the trial court stated, "I see you're in the home now. I would try very hard to keep you in the home, but if there were problems that I could not fix in the home then I'll pull you out of the home."

Following the hearing, the trial court ordered respondent to undergo an evaluation at the Clinic for Child Study. The evaluator ultimately recommended Level II out-of-home probation, and the trial court followed this recommendation, concluding that respondent's two sexual offenses within a short time merited his removal from the home. Although we agree that the trial court did not perfectly delineate the different potential dispositions, we conclude that the court sufficiently relayed that out-of-home placement was a possible outcome for respondent. Considering the court's language that it would "try" to keep respondent in the home, but that "if there were problems" it would "pull [him] out of the home," we are not convinced that the trial court's decision to deny respondent's motion to withdraw his plea fell outside the range of principled outcomes. See *In re Utrera*, 281 Mich App at 15.

## II. ACCURATE PLEA

MCR 3.941(C) also provides the procedures required to ensure an accurate plea:

(3) *An Accurate Plea*. The court may not accept a plea of admission or of no contest without establishing support for a finding that the juvenile committed the offense:

(a) either by questioning the juvenile or by other means when the plea is a plea of admission[.] [MCR 3.941(C)(3)(a).]

Respondent first argues that the trial court erred when it allowed, for purposes of establishing a factual basis to the plea, respondent's attorney to question respondent, rather than the trial court. This argument fails. MCR 3.941(C)(3) does not require the trial court to perform the questioning. Instead, MCR 3.941(C)(3)(a) requires the trial court to ensure a plea of admission is accurate "either by questioning the juvenile *or by other means when the plea is a plea of admission*[.]" The trial court could have questioned respondent or it could have used "other means" to ensure the plea was accurate because respondent was entering a plea of admission. MCR 3.941(C)(3)(a). Allowing respondent's attorney to question respondent is another means by which the trial court could ensure the plea was accurate. Therefore, the trial court did not err simply because it did not conduct the questioning itself.

Respondent also argues that, even if the questioning was proper, the trial court abused its discretion because the questioning did not establish a sufficient factual basis to support a CSC-IV adjudicative finding pursuant to MCR 3.941(C)(3)(a). We agree.

As a preliminary matter, petitioner argues that respondent waived any argument concerning the accuracy of the plea because his attorney stated on the record that he was "satisfied" with the factual basis for the plea. For support, petitioner directs this Court's attention to *In re Tiemann*, 297 Mich App 250, 265; 823 NW2d 440 (2012), in which this Court held that a respondent waived any argument challenging the factual basis of his plea because he "did not challenge the factual basis . . . and his counsel indicated satisfaction with the taking of the plea." However, this Court concluded that the issue was waived because the respondent "did not raise th[e] issue in his motion to withdraw the plea." *Id*. In this case, respondent timely raised the issue in a motion to withdraw his plea. Therefore, *Tiemann* does not apply and respondent has not waived this issue for purposes of appellate review.

A factual basis to support a plea can be established if an inculpatory inference could be drawn to prove the underlying offense based on what the respondent admits, even if an exculpatory inference could also be drawn. *People v Fonville*, 291 Mich App 363, 377; 804 NW2d 878 (2011). According to the trial court, respondent was entering a plea of admission to MCL 750.520e(1)(a), which provides the following:

> (1) A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and if any of the following circumstances exist:

> (a) That other person is at least 13 years of age but less than 16 years of age, and the actor is 5 or more years older than that other person.

To establish the factual basis of respondent's plea, respondent's attorney asked respondent if he "told the police" that he touched the victim's breast, and respondent answered affirmatively. On cross-examination, the attorney for petitioner then asked respondent if "this" happened on June 3, 2014, and whether "this" was in the city of Bellville, to which respondent also answered affirmatively. Considering the specific testimony elicited, respondent never said that he did, in fact, touch the victim's breast, nor did he establish where or when any inappropriate touching occurred. This error alone is sufficient to show that the questioning at adjudication did not adequately establish the factual basis of respondent's plea.

To the extent respondent's answers at the adjudication could be construed to establish that he touched the victim's breast, there is no dispute that this act would satisfy the "sexual contact" requirement of MCL 750.520e(1). However, the issue then turns on whether there was support for finding that (1) the victim was at least 13 years of age but less than 16 years of age, and (2) respondent was at least five years older than the victim. MCL 750.520e(1)(a). The record does not contain a sufficient factual basis to support these two requirements under the statute. There was no indication on the record that the victim was at least 13 years of age but less than 16 years of age. Instead, respondent only said that the victim was less than 16 years old. Even if an inference could be made that the victim was within the applicable age range, the record still would not support a finding that respondent was "5 or more years older than" the victim. MCL 750.520e(1)(a). Respondent testified that he was 16 years old at the time, proving that, at most, he would have been approximately three years older than the victim if she was 13 years old when the incident occurred. Therefore, the trial court erred when it accepted respondent's plea because the factual basis did not establish CSC-IV under MCL 750.520e(1)(a).

Petitioner argues that the trial court may have "misspoken" when it declared that respondent was pleading under MCL 750.520e(1)(a) because the register of actions indicates that the disposition was based on "Criminal Sexual Conduct—Fourth Degree (force or coercion)." The order of adjudication and the order of disposition both indicate that respondent entered a plea based on CSC-IV (force or coercion). Additionally, the petition alleging CSC-IV indicates at the top of the document that the offense was "CSC 4th—Force or Coercion," and it cites the Prosecuting Attorney Coordinating Council (PACC) Warrant Manual code as "750.520E1A." Under the PACC Warrant Manual, fourth-degree criminal sexual conduct (force or coercion) is listed as "750.520E1A," and fourth-degree criminal sexual conduct for a victim 13 to 16 years old is listed as "750.520E1A-A." Therefore, the petition, order of adjudication, and order of disposition were all based on CSC-IV (force or coercion), MCL 750.520e(1)(b), and the trial court may have either relied on the wrong statutory provision or was stating the PACC code as provided on the petition—given it is essentially identical to MCL 750.520e(1)(a).

Nonetheless, even if the trial court considered CSC-IV (force or coercion) during the plea proceeding, the factual basis would not be sufficient for an adjudication under the statutory provisions of that offense. Pursuant to MCL 750.520e(1)(b), CSC-IV (force or coercion) may be established as follows:

> (1) A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and if any of the following circumstances exist:
>
> * * *
>
> (b) Force or coercion is used to accomplish the sexual contact. Force or coercion includes, but is not limited to, any of the following circumstances:
>
> (*i*) When the actor overcomes the victim through the actual application of physical force or physical violence.
>
> (*ii*) When the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute that threat.
>
> (*iii*) When the actor coerces the victim to submit by threatening to retaliate in the future against the victim, or any other person, and the victim believes that the actor has the ability to execute that threat. As used in this subparagraph, "to retaliate" includes threats of physical punishment, kidnapping, or extortion.
>
> (*iv*) When the actor engages in the medical treatment or examination of the victim in a manner or for purposes which are medically recognized as unethical or unacceptable.
>
> (*v*) When the actor achieves the sexual contact through concealment or by the element of surprise. [MCL 750.520e(1)(b)(*i*)-(*v*).]

The record does not reflect that respondent actually used force or coercion as defined under the statute when he made sexual contact with the victim. Instead, respondent's attorney only asked the following about the circumstances surrounding the inappropriate touching:

[*Respondent's Attorney*]: And you told her you touched her on the breast? You told the police you touched her on the breast?

[*Respondent*]: Yes, I did.

This single statement does not allow an inference that respondent overcame "the victim through the actual application of physical force or physical violence." MCL 750.520e(1)(b)(*i*). Respondent did not say the victim resisted his touching or that he had to apply any kind of physical force or violence to carry out the sexual contact. Additionally, respondent did not admit to threatening the victim in any way. MCL 750.520e(1)(b)(*ii*)-(*iii*). At most, the trial court may have drawn an inference that respondent made sexual contact "through concealment or by the element of surprise." MCL 750.520e(1)(b)(*v*). However, there is no factual context given on the record that could reasonably support such an inference. Therefore, the trial court abused its discretion when it upheld the plea because the record lacked any factual basis to support an adjudication under MCL 750.520e(1)(b).

In *People v Brownfield*, 216 Mich App 429, 434; 548 NW2d 248 (1996), this Court held that, "[o]n remand from a plea-based conviction, if the prosecutor cannot establish that a defendant committed the offense charged, then the trial court shall set aside the conviction." Accordingly, on remand in this case, the trial court shall clarify the charged offense on the record and allow petitioner an opportunity to establish a factual basis for the offense. If no such factual basis is established, the plea must be set aside. *Id.*

Remanded for further proceedings.

/s/ Michael F. Gadola
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood